# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TERRY HENDERSON          *

                     *

         v.               *   Civil Action WMN-11-2482

                     *

JINNY-POOT PROPERTIES, INC.    *

et al.                    *

      *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

Currently pending before the Court are Plaintiff's Motion to Remand, ECF No. 11, Defendant's Motion to Amend Notice of Removal, ECF No. 12, and Plaintiff's Motion for Leave to Amend Plaintiff's Complaint, ECF No. 13. The motions are ripe for review. Upon consideration of the pleadings, facts and applicable law and for the reasons set forth below, the Court determines that (1) no hearing is necessary, Local Rule 105.6, (2) Defendant's Motion to Amend Notice of Removal will be denied, (3) Plaintiff's Motion to Remand will be granted and (4) Plaintiff's Motion to Amend the complaint is moot.

On July 27, 2011, Plaintiff Terry Henderson, a Maryland resident, filed the instant suit in the Circuit Court of Maryland for Baltimore City alleging negligence and other claims arising from lead exposure at properties owned or managed by the Defendants. Defendants Jack W. and Dawn A. Cherry (the Cherrys), Florida residents, were served with process on August 6, 2011. Defendants Junious A. Mattoon, Jr. and Judith Mattoon,

South Carolina residents, were served on August 8, 2011.

Defendant David Gomer, a Virginia resident, and Defendant Jinny-

Poot Properties, a Virginia corporation with its principal place

of business in Virginia, were also served on August 8, 2011.

The Complaint claims damages totaling four million dollars.

On September 2, 2011, the Cherrys filed a Notice of Removal

(Notice), ECF No. 1, removing the case to this Court based on

diversity jurisdiction.  See 28 U.S.C. § 1441(a).  Plaintiff

requests that the case be remanded to state court because the

Cherrys failed to obtain consent from the other defendants for

the removal within the required 30 day period and thus violated

the "rule of unanimity."  Pl.'s Mem. ¶ 4-6.  The Cherrys oppose

the Motion to Remand and request leave of the Court to amend

their Notice to reflect the now-obtained consent of the other

defendants.

Section 1441(a) permits a defendant to remove a civil

action filed in a State court of which the district courts of

the United States have original jurisdiction, to the United

States district court for the district and division embracing

the place where the action is pending.  28 U.S.C. § 1441(a).

Section 1446 specifies that "[a] defendant or defendants

desiring to remove any civil action . . . from a State court

shall file in [federal] court . . . a notice of removal signed

pursuant to Rule 11 of the Federal Rules of Civil Procedure and

2

containing a short and plain statement of the grounds for

removal . . ."  28 U.S.C. § 1446(a).

Courts have interpreted the phrase "a defendant or

defendants" to require that all defendants join in or consent to

a notice of removal within thirty days of being served with the

Notice.  Landford v. Prince George's County, 175 F.Supp. 2d 797,

801 (Md. 2001); see also Brodar v. McKinney, 378 F.Supp. 2d 634,

363 (M.D.N.C. 2005)("Court have uniformly ruled that the phrase

'a defendant or defendants' in Section 1446(a) of Title 28

requires that all defendants join in or otherwise consent to a

notice of removal filed under Section 1441(a) of Title

28.")(citations omitted).  This is known as the "rule of

unanimity."  The removing defendant may be excused from

obtaining consent, however, from a defendant that was improperly

served or that is a "nominal or formal" party.  Egle Nursing

Home v. Erie Ins. Group, 981 F.Supp. 932, 933 (D. Md. 1997)

"The removal jurisdiction of the federal courts is to be

'scrupulously confined,'" id. (quoting Shamrock Oil & Gas Co. v.

Sheets, 313 U.S. 100, 109 (1941)), so 'if federal [removal]

jurisdiction is doubtful, a remand is necessary.'"  Mulcahey v.

Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

This narrow construction is designed to protect the sovereignty

of the states.  Egle, 981 F.Supp. at 933 (citing Shamrock, 313

U.S. at 109).  Therefore, "[t]he party seeking removal bears the

burden of stating facts in its notice of removal demonstrating

entitlement to removal." Id.

The Cherrys properly stated facts demonstrating that

removal was appropriate based upon this Court's original

diversity jurisdiction, namely that there is complete diversity

of citizenship among the parties and the amount in controversy

exceeds $75,000. Notwithstanding, the Notice was deficient

because it was not signed by any of the other defendants, nor

did the other defendants join it or otherwise manifest their

consent to removal within 30 days of receiving the Notice.[1]

Furthermore, the Cherrys failed to explain either in the Notice

or in their Opposition to Plaintiff's Motion to Remand their

reason for failing to obtain consent. It does not appear that

any of the exceptions for obtaining consent are present, nor

have the Cherrys raised them. Additionally, though the other

defendants joined Cherrys' Opposition to Plaintiff's Motion to

Remand, which was filed on October 14, 2011, counsel for these

defendants have not yet entered their appearances nor in any

other way acknowledged the federal proceeding. This is

particularly noteworthy because all four of these defendants

filed Answers in the Circuit Court for Baltimore City after

receiving the Cherrys' Notice of Removal and have served

---

[1] The other Defendants received service of the Notice of Removal
on or about September 7, 2011. Pl.'s Mot. ¶ 9.

discovery requests on Plaintiff in the state proceeding.² Pl.'s
Reply ¶ 9.

The Cherrys acknowledge that their Notice failed to satisfy
the unanimity requirement but argue that they should be
permitted to amend the Notice out of time to reflect the now-
received consent of all Defendants.  They cite several cases to
suggest that such amendment is appropriate, characterizing the
failure to obtain unanimous consent as a "technical defect."
The cases cited, however, are clearly distinguishable, as they
deal with true technical defects and cases in which the parties
had already invested a lot of time and effort in the federal
court proceedings.  See Nutter v. New Rents, Inc., No. 90-2493,
1991 WL 193490 (S.D.W.V. Oct. 1, 1991)(permitting amendment to
clarify claim of diversity jurisdiction by stating corporation's
principle place of business and noting that case had proceeded
to final judgment); Esposito v. Home Depot USA, Inc., 590 F.3d
72 (1st Cir. 2009)(denying motion to remand because non-
consenting party had filed an answer in federal court within the
thirty day period, implicitly indicating its consent and
fulfilling unanimity requirement, and also noting that case had
proceeded to summary judgment stage of litigation); Destfino v.

---

² The Mattoons filed an Answer on September 19, 2011, and Jinny-
Poot, Inc. and David H. Gomer filed their Answer on September
26, 2011.  Defendants Jinny-Poot, Inc. and David H. Gorman have
also attempted to make a "Qualified Offer" pursuant to Maryland
law.  Pl.'s Reply ¶ 9.

Reiswig, 630 F.3d 952 (9th Cir. 2011)(noting that Court "may allow" removing defendant to cure defect by obtaining joinder prior to entry of judgment, and indicating that case had proceeded far into litigation).

Obtaining unanimity is a key component of the procedure for removal and is certainly more than a technicality. Egle, 381 F.Supp. at 935 ("the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction"). Moreover, in remanding this case there is little danger of inefficiency, as the parties have already clearly invested more time and effort in the state court proceedings than in the federal proceeding. Finally, it is consistent with the policy to strictly construe removal jurisdiction that this Court reject the Cherrys' untimely attempt to correct the deficient Notice and remand the case for failure to meet the requirements for removal.[3]

For the foregoing reasons, the Court concludes that Defendant's Motion to Amend Notice of Removal will be denied, Plaintiff's Motion to Remand will be granted and Plaintiff's Motion to Amend the complaint will be denied as moot. The Court will issue a separate Order.

---

[3] Because this Court will remand this matter to state court, it need not consider Plaintiff's Motion for Leave to Amend Plaintiff's Complaint as the issue is now moot.

 

 

 

 

 

_____/s/_____
William M. Nickerson
Senior United States District Judge

November 28, 2011